UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERIC HOOFMAN,                           )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          Case No. 4:18-CV-2056-SPM
                                        )
COUNTRY CLUB PLACE LLC, et al.          )
                                        )
            Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion, based on concerns the Court raised *sua sponte* regarding whether a defect in the removal procedure affected this Court's subject matter jurisdiction. For the following reasons, the Court finds that the defect does not deprive the Court of subject matter jurisdiction. The Court will also set a briefing schedule on Defendant United States of America's motion to dismiss the case for lack of subject matter jurisdiction.

## I.      BACKGROUND

This action was originally filed in the Circuit Court of St. Charles County, Missouri, by Plaintiff Eric Hoofman. The defendants named in the First Amended Petition are Country Club Place LLC; County Place, LLC; Highway 94 Apartment Management, LLC; the United States of America; and Jose Steers. Plaintiff asserts various counts of negligence and premises liability against Defendants, arising from an incident in which he was struck by an automobile while retrieving mail from his mailbox.

On December 10, 2018, Plaintiff filed a Notice of Removal, removing the case to this Court and stating that Defendants consented to the removal of the case to federal court. (Doc. 1). Plaintiff noted on the Civil Cover sheet that the basis of jurisdiction was the presence of a United States Government Defendant. At a scheduling conference on March 12, 2019, the Court, *sua*

*sponte*, raised concerns about whether this action had been properly removed to federal court and whether this Court has jurisdiction over the action. Specifically, the Court expressed concern that the fact that the action had been removed by Plaintiff rather than by Defendant United States might create subject matter jurisdiction concerns. At the scheduling conference, counsel for the parties all indicated agreement that the case should be heard in federal court. Counsel for Defendant United States indicated that if the Court were to remand the action based on the fact that the removal was filed by Plaintiff, Defendant United States of America would file its own notice of removal.

Counsel for the parties requested seven days to confer and provide the Court with supplemental briefing related to these issues, and the Court gave the parties until Tuesday, March 19 to file any supplemental briefing related to the issues of whether this case was properly removed and whether this Court has jurisdiction over this action. No briefs were filed.

## II.     Discussion

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)) "[J]urisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue." *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006) (quoting *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991)). Therefore, the Court must consider *sua sponte* whether it has jurisdiction over this case, even when the parties agree that jurisdiction is proper.

Plaintiff removed this case to federal court based on the presence of the United States as a defendant. The statute governing such removals states, in relevant part:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following **may be removed by them** to the

district court of the United States for the district and division embracing the place wherein it is pending:

> (1) **The United States** or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a).  The Court further notes that because Plaintiff alleges negligence against the United States and seeks money damages, it appears that this Court has *exclusive* jurisdiction over Plaintiff's claims against the United States:

> The district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

It is clear to the Court that it was improper for Plaintiff, rather than Defendant United States, to file the notice of removal in this case. The plain language of 28 U.S.C. § 1442(a) authorizes removal only by the United States, not by a plaintiff who has sued the United States. The question before the Court, then, is whether this defect in the filing of the notice of removal requires remand, which in turn requires a determination of whether the defect is procedural or jurisdictional in nature. "A procedural defect in removal, such as untimeliness, does not affect the federal court's subject matter jurisdiction and therefore may be waived." *Koehnen v. Herald Fire Ins. Co.,* 89 F.3d 525, 528 (8th Cir. 1996) (citing *Nolan v. Prime Tanning Co.*, 871 F.2d 76, 78 (8th Cir. 1989)). *See also* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the

filing of the notice of removal under section 1446(a).") On the other hand, "subject-matter jurisdiction is not a mere procedural irregularity capable of being waived," and an improper removal that is not merely procedural but rather shows the court did not have subject matter jurisdiction requires remand, even if no motion to remand is filed within 30 days of the notice of removal. *See Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145-46 (8th Cir. 1992) (holding that the district court erred in denying the plaintiff's motion to remand a case that was removed by a defendant who was a forum state citizen; noting that the statute "makes diversity jurisdiction in removal cases narrower than if the case were originally filed in federal court by the plaintiff" and finding that because the plaintiff had not chosen to invoke the original jurisdiction of the court and the defendant had not satisfied the narrower requirements of removal jurisdiction, the court did not have jurisdiction over the action). *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Court has not found any Eighth Circuit cases addressing whether the filing of a notice of removal by a plaintiff, rather than by a defendant, is a procedural defect or a jurisdictional defect. However, the Second Circuit has found that such a defect is procedural rather than jurisdictional and may not be the basis for a *sua sponte* remand by the Court more than 30 days after removal. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993) (construing the district court's order remanding a case on the basis that plaintiff cannot remove his own case as "a ruling that the removal was procedurally improper"; stating, "[a]lthough the court was correct in its observation that there was no authority permitting [the plaintiff] to remove his own action to federal court, that defect was waived by the failure of [the defendant], or the court *sua sponte*, to raise the matter within 30 days of removal. Given the

passage of more than 30 days without a challenge, the court lacked authority under § 1447(c) to remand the action on that ground.").

On the specific facts of this case, the Court finds that the filing of the notice of removal by Plaintiff rather than by Defendant United States was merely a procedural defect, rather than a jurisdictional one. It is clear that Defendant United States had the right to remove the case to federal court under 28 U.S.C. § 1442(a). It is also clear that Defendant United States (along with all of the other parties) wishes the case to be heard in federal court. Indeed, Defendant United States has indicated that if the Court remands the case due to the improper removal, Defendant United States will file a notice of removal and the case will be returned to federal court. Moreover, it appears that this Court has exclusive jurisdiction over the claims against Defendant United States, such that those claims must be heard in federal court. Remanding the case only so that Defendant United States can immediately remove it again would merely add additional procedural steps and would accomplish nothing of substance. Under these circumstances, the Court finds that the filing of notice of removal by Plaintiff, though improper, was a procedural defect and does not deprive the Court of subject matter jurisdiction. Because this defect is procedural and more than 30 days have passed since the notice of removal was filed, the Court will not remand the case *sua sponte* based on this defect.

Defendant United States has now filed a motion to dismiss the claims against it for lack of subject matter jurisdiction, based on sovereign immunity. (Doc. 21). Because this motion raises the threshold question of this Court's subject matter jurisdiction, the Court finds it appropriate to set a briefing schedule on this motion before addressing additional scheduling matters in the case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's response to Defendant United States'
Motion to Dismiss shall be filed no later than **Wednesday, May 8, 2019**. Defendant United
States' reply shall be filed no later than **Wednesday, May 22, 2019**.


_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of April, 2019.